**UNITED STATES of America,**
**Plaintiff-Appellee,**

v.

**Gray WILLIAMS, Defendant-Appellant.**
**No. 14970.**

United States Court of Appeals
Sixth Circuit.
March 18, 1963.

Dale Quillen, Nashville, Tenn., for appellant.

Cecil D. Meek, Jr., Knoxville, Tenn. (J. H. Reddy, U. S. Atty., Knoxville, Tenn., on the brief), for appellee.

Before CECIL, Chief Judge, MILLER, Circuit Judge, and THORNTON, District Judge.

SHACKELFORD MILLER, Jr., Circuit Judge.

Appellant was indicted for possessing and concealing nontaxpaid whiskey in violations of Sections 5008(b) and 5632, Title 26 United States Code. Prior to arraignment he filed a motion to suppress the evidence pertaining to the nontaxpaid whiskey on the ground that it was obtained by illegal search and seizure of his automobile in which it was being transported.

The whiskey was found by police officers of the City of Knoxville, Tennessee, in the trunk of appellant's car, after his car was wrecked following a chase of appellant by the officers at about 5:00 a. m., in which appellant drove at times at a speed in excess of seventy-five miles per hour.

In the hearing on the motion, the District Judge was of the opinion that even though the search, which was made by state officers rather than by federal agents, may have been illegal, the use of the evidence in the trial in the United States District Court was not barred under the ruling in Weeks v. United States, 232 U.S. 383, 398, 34 S.Ct. 341, 58 L.Ed. 652 and Burdeau v. McDowell, 256 U.S. 465, 41 S.Ct. 574, 65 L.Ed. 1048, and several rulings of the Court of Ap-

peals of this Circuit, commonly referred to as the "silver platter doctrine." He overruled the motion to suppress on the authority of those cases.

Appellant entered a plea of not guilty and following a trial was found guilty by a jury. Pending appeal, the Supreme Court on June 27, 1960 held in Elkins v. United States, 364 U.S. 206, 80 S.Ct. 1437, 4 L.Ed.2d 1669, that evidence obtained by state officers during a search which, if conducted by federal officers would have violated the defendant's immunity from unreasonable searches and seizures under the Fourth Amendment, was inadmissible in a federal criminal trial even when there was no participation by federal officers in the search and seizure. Accordingly, the action of the District Judge in overruling the motion to suppress could not be sustained on the authority of the earlier cases upon which he relied. The Government recognized this result but contended on the appeal that the evidence was nevertheless admissible because it was not obtained through an unlawful search and seizure, but was obtained through a lawful search of appellant's automobile after a lawful arrest. Harris v. United States, 331 U.S. 145, 67 S.Ct. 1098, 91 L.Ed. 1399; United States v. Rabinowitz, 339 U.S. 56, 70 S.Ct. 430, 94 L.Ed. 653. The factual situation relating to that contention had not been fully developed at the hearing on the motion to suppress due to the reliance of the District Judge upon the so-called "silver platter doctrine" embodied in the Weeks and Burdeau cases from the Supreme Court. Accordingly, the case was remanded by this Court to the District Court for reconsideration by the District Judge with permission to both parties to introduce additional evidence pertaining to the arrest and search, followed by findings of fact and conclusions of law by the District Judge with respect thereto. Williams v. United States, 282 F.2d 940, C.A.6th.

Following the remand, the District Judge heard additional evidence and made the following findings of fact which in our opinion are fully supported by the evidence and are accepted on this appeal.

Robert Poynter, a Knoxville policeman, was assigned to a certain area in Knoxville, Tennessee, in which area many break-ins had occurred, and he, with policeman Brooks, was at the time referred to herein investigating all strange cars in that area. Between 4:30 and 5:00 a. m. on June 30, 1959 a strange car, which as later developed was driven by the appellant and occupied by a boy by the name of Evans, was moving west on Willow Street. This car turned south on Patton Street. The officers pulled up behind the car and turned their spotlight on it but the car began to move whereupon the officers turned the siren on. Appellant's car continued to travel at a fast rate on various streets and turns in Knoxville, on to the Asheville highway, and finally after turning off the highway, in attempting to make a sharp turn at a bridge over a small stream, it overturned. After the car overturned the appellant and Evans came out of it and they were placed under arrest by the officers.

When the spotlight was first turned on to appellant's car and the appellant drove away rapidly, he increased his speed to as high as ninety miles an hour; traveled as high as sixty to sixty-five miles an hour at places where the speed limit was thirty miles an hour; ran the stop sign at at least two street intersections and possibly a third one; drove some ten to twelve miles from the place where he was observed by the officers to the place of the accident, and drove about one-half mile off of the Asheville highway before his car turned over. He was charged by the City officers with speeding and failing to stop at stop signs and reckless driving. He was fined $150 by the City Court.

The wreck caused the trunk of appellant's car to come open and the officers observed the cartons of whiskey in the trunk, which they seized and which is the evidence the appellant seeks to suppress. The whiskey itself was contained in half-gallon jars which were in the

cartons which the officers observed in the trunk of the car. The officers were experienced men in investigating and arresting people who dealt in moonshine whiskey and they believed that the cartons contained half-gallon jars of moonshine whiskey because it was a well established custom in that area for transporters and distributors of moonshine whiskey to use half-gallon jar containers and to place the half-gallon jar containers in cartons.

The District Judge overruled the motion to suppress, and hearing the case without a jury, found the appellant guilty under both counts, and imposed sentence. This second appeal has followed.

Appellant contends in support of the motion to suppress that he was illegally arrested when the officers' car pulled in behind his car and the officers turned the flashlight on him and sounded the siren, in that the officers had no warrant for his arrest and probable cause did not exist, and that a search following an illegal arrest is invalid. Rios v. United States, 364 U.S. 253, 261–262, 80 S.Ct. 1431, 4 L.Ed.2d 1668. We agree with the appellant that the officers had no authority to arrest him at that time and place, and that a search incident to such an arrest was illegal. Henry v. United States, 361 U.S. 98, 103–104, 80 S.Ct. 168, 4 L.Ed.2d 134; Rios v. United States, supra, 364 U.S. 253, 261–262, 80 S.Ct. 1431. But we do not agree with appellant that he was arrested at that time or place.

Appellant is in error in contending that the test of the validity of his arrest is controlled by federal law rather than by state law. It is well settled that in the absence of an applicable federal statute the law of the state where an arrest takes place determines its validity, United States v. Di Re, 332 U.S. 581, 589, 68 S.Ct. 222, 92 L.Ed. 210; Miller v. United States, 357 U.S. 301, 305, 78 S.Ct. 1190, 2 L.Ed.2d 1332; United States v. Sykes, 305 F.2d 172, C.A.6th.

In Robertson v. State, 184 Tenn. 277, 284, 198 S.W.2d 663, the Supreme Court of Tennessee held that two elements were necessary in order to constitute an arrest; namely, an intention to take the party into custody, and subjecting the person arrested to the actual control and will of the person making the arrest. In the present case the evidence shows without question that there was no intention to take the appellant into custody at the time when the officers' car pulled in behind his car and turned the spotlight on him. The officers were investigating only. They had no intention to arrest appellant unless additional facts subsequently developing authorized such an arrest. Likewise, at that time and place the officers had not subjected the appellant to their actual control and will. We are of the opinion that there was no arrest of the appellant at that time and place and that what occurred before the appellant attempted to flee is immaterial to the issue in this case.

What occurred thereafter is the important thing to consider. The officers were justified in pursuing the appellant and in finally arresting him because of his violation of the speed limits and his failure to stop at stop signs. Robertson v. State, supra, 184 Tenn. 277, 282–283, 198 S.W.2d 663. But appellant contends that his arrest for misdemeanors such as these traffic violations did not, under the Tennessee law, authorize the arresting officer to search appellant's automobile. The District Judge recognized the validity of this contention, Elliott v. State, 173 Tenn. 203–210–211, 116 S.W.2d 1009, but this is not dispositive of the case.

The moonshine whiskey in the present case was not discovered and seized by a search of appellant's automobile. It was unnecessary to search the automobile in that the cartons containing the jugs of moonshine whiskey were exposed to public view when the trunk compartment of appellant's car became open when his car overturned. It is not a search to observe that which occurs openly in a public place and which is fully disclosed to visual observation.

Trujillo v. United States, 294 F.2d 583, C.A.10th; Petteway v. United States, 261 F.2d 53, C.A.4th; United States v. Lee, 274 U.S. 559, 563, 47 S.Ct. 746, 71 L.Ed. 1202. The officers upon observance of the commission of a criminal offense in their presence had the legal right to seize the contraband property involved. United States v. Eisner, 297 F.2d 595, 597–598, C.A. 6th, cert. denied, 369 U.S. 859, 82 S.Ct. 947, 8 L.Ed.2d 17; Kelly v. United States, 197 F.2d 162, 164, C.A. 5th; United States v. Peisner, 198 F.Supp. 67, note 6, p. 71, D.C.Md. See: Harris v. United States, supra, 331 U.S. 145, 154–155, 67 S.Ct. 1098.

In our opinion, there was no error on the part of the District Judge in overruling the motion to suppress and in finding the appellant guilty as charged. The judgment is affirmed.