Paul J. COATES, Jr., Appellant,

v.

UNITED STATES of America, Appellee.

No. 22067.

United States Court of Appeals District of Columbia Circuit.

Argued Feb. 20, 1969.
Decided April 7, 1969.

Mr. Gerald P. Johnston, Washington, D. C. (appointed by this court), for appellant.

Mr. Kenneth A. Lazarus, Atty., Department of Justice, with whom Messrs. David G. Bress, U. S. Atty., and Frank Q. Nebeker, Asst. U. S. Atty., were on the brief, for appellee.

Before BURGER, WRIGHT and TAMM, Circuit Judges.

BURGER, Circuit Judge:

This is an appeal from convictions for robbery, assault, and assault with a deadly weapon.

Twenty-five minutes after the robbery had been committed Appellant, who fit a description broadcast by police radio, was seen by Officers Crist and Grove standing next to a car which was stopped in an alley approximately 40–50 yards from where the complainants had last seen their assailants; the hood of the car was raised and Appellant and another were charging[1] the battery. The interior light was on and doors of the car were open. The officers approached on foot and asked the two what they were doing, to which they replied that they were trying to start the car. Upon request Appellant promptly produced registration for the vehicle and his driver's license.

As the officers walked around to the side of Appellant's car, Officer Crist saw a green alligator wallet; such a wallet had been reported as taken from one of the complainants. Officer Grove also spotted the wallet while standing outside the car. When the wallet was taken from the car police then observed a pipe-type spark-plug wrench similar to the weapon described as used during the robbery; the Officers then placed Appellant and his companion in a police-wagon.

Appellant contends that the wallet and the wrench were obtained through an illegal search and seizure. He points to discrepancies between testi-

---

1. Two batteries were involved, and it is possible that Appellant and his companion were changing rather than charging the battery.

mony offered by the two police officers and urges that the testimony relied on by the District Court on the issue of probable cause was so "inherently incredible" as to be unworthy of belief. We have often noted, however, that the fact of inconsistencies among witnesses does not require that the testimony be rejected by a trier or triers of fact, but is simply a factor to be considered. Moreover, the undisputed facts concerning events which preceded the discovery of the challenged evidence furnished ample justification for a continuing police investigation. Conditioned by their observations of Appellant and information concerning the crime reported to them, and guided by the whole of their experience, we think it was entirely reasonable for the police to pursue inquiry as they did. *See* Davis v. United States, 133 U.S.App.D.C. 172, 409 F.2d 458 (February 18, 1969); *cf.* Bailey v. United States, 128 U.S.App. D.C. 354, 389 F.2d 305 (1967).

■■■ Appellant's claim that there was no probable cause to support the seizure of the incriminating evidence is without merit. The Fourth Amendment protects that which an individual seeks to "preserve as private." *E. g.,* Katz v. United States, 389 U.S. 347, 351, 88 S.Ct. 507, 19 L.Ed.2d 576 (1967); *see* Warden Md. Penitentiary v. Hayden, 387 U.S. 294, 304, 87 S.Ct. 1642, 18 L.Ed.2d 782 (1967). Since a wallet closely resembling the one just reported as stolen was visible from a position outside the car, Appellant can hardly assert a valid claim that seeing it violated his privacy. It is well established that visual detection of evidence does not constitute a "search" within the meaning of the Fourth Amendment.[2]

■■■ Appellant's argument relating to the legality of the arrest is likewise without merit. The announcement of arrest occurred after the police had found the wallet and wrench; surely at this point the police had sufficient basis to believe that the crime which had just been reported had probably been committed by Appellant and his companion. Appellant contends, however, that although unannounced, the arrest must be said to have occurred as soon as the police first approached the car.[3] *See* Henry v. United States, 361 U.S. 98, 80 S.Ct. 168, 4 L.Ed.2d 134 (1959). Although, as the record richly shows, Appellant and his companion may have had reason—amounting to apprehension on their part—to believe that the approaching officers intended to arrest them, "the test must not be what the defendant himself * * * thought, but what a reasonable man, innocent of any crime, would have thought had he been in the defendant's shoes." United States v. McKethan, 247 F.Supp. 324 (D.D.C. 1965) (Youngdahl, J.), aff'd by order,

2. *See* Dorsey v. United States, 125 U.S. App.D.C. 355, 357-358, 372 F.2d 928, 930-931 (1967); *cf.* cases relying on the "open view" doctrine emanating from Hester v. United States, 265 U.S. 57, 44 S.Ct. 445, 68 L.Ed. 898 (1924). This court and other federal courts have applied this doctrine to cases involving automobile searches, *e. g.,* Harris v. United States, 125 U.S.App.D.C. 231, 370 F.2d 477 (1966), aff'd, 390 U.S. 234, 88 S.Ct. 992, 19 L.Ed.2d 1067 (1968); Fagundes v. United States, 340 F.2d 673 (1st Cir. 1965). Most recently, in Green v. United States, No. 21,280 (D.C.Cir., December 3, 1968) (unreported opinion) this Court had occasion to discuss a situation involving a traffic arrest and the subsequent discovery by police of marijuana in the back seat of a car. We stated in *Green*

"[T]he marijuana was discovered by [an] officer, who by his testimony happened to walk by the vehicle, happened to look in, and happened to see marijuana in the open bag. The appellant did not contradict the story told by the police. On these unique facts, we conclude that the officer can not be said to have engaged in a 'search' of the car." (citations omitted). What we said in *Green* applies with equal force here. *Compare* Cotton v. United States, 371 F.2d 385 (9th Cir. 1967). *See generally* Note, The United States Court of Appeals for the District of Columbia Circuit: 1966-1967 Term, 56 GEO.L.J. 58, 66-74 (1967).

3. Appellee seems to concede for purposes of certain parts of its argument that the arrest may be said to have occurred when the police approached the car.

No. 20,059 (D.C. Cir. 1966). The submissiveness, or even fear, engendered in some persons by the mere presence of police officers does not raise a Constitutional issue. That some persons may become nervous or agitated by the approach of a policeman cannot serve as a justification for nullifying reasonable police action.

In assessing the propriety of the procedures used here we abide by the Supreme Court's teaching that the soundest "course is to * * * make the scope of the particular intrusion in light of all the exigencies of the case, a central element in the analysis of reasonableness." Terry v. Ohio, 392 U.S. 1, 18 n. 15, 88 S.Ct. 1868, 1878, 20 L.Ed.2d 889 (1968). A police officer by merely engaging in conversation with a citizen does not thereby create the requisite restraint on liberty which would constitute an arrest.[4] We have in past cases commented on the duty of every person to cooperate with police and to respond unless a Fifth Amendment claim is involved. It is "only when the officer, by means of physical force or show of authority, has in some way restrained the liberty of a citizen may we conclude that a 'seizure' has occurred." Id. at 19 n. 16, 88 S.Ct. at 1879. In the instant case it would be unrealistic to conclude that a "seizure" had occurred prior to the discovery of the wallet and wrench since neither through physical force nor through a show of authority nor implied restraint had the police impeded Appellant's liberty.

Having balanced Appellant's interpretation of the events with what we find in the record, including information then known to the officers, we conclude that the evidence abundantly supports the finding that the police acted reasonably. Indeed, as this Court noted only very recently, "(w)e need not blindfold the police, nor ask them to abandon their experience when they encounter situations which call for the effective intervention

they initiated here." Davis v. United States, supra, at p. 460 of 406 F.2d.

Other claims of error asserted do not merit extended consideration. The judgment of the District Court is, therefore,

Affirmed.

J. SKELLY WRIGHT, Circuit Judge, concurs in the result only.

---

4. "Detention of a witness for the purpose of asking questions is not necessarily an arrest. * * *" Fuller v. United States,

132 U.S.App.D.C. 264, 272, 407 F.2d 1199, 1207 (1967).