Claude A. ARMOUR, Commissioner, Department of Safety, State of Tennessee, Appellant,

v.

Harold Lewis TOTTY, Jr., Appellee.

Supreme Court of Tennessee.

Oct. 16, 1972.

David M. Pack, Atty. Gen., State of Tennessee, Charles W. Cherry, Asst. Atty. Gen., Nashville, for appellant.

Joe P. Binkley, Nashville, for appellee.

OPINION

HUMPHREYS, Justice.

The Commissioner appealed from a judgment of the Third Circuit Court of David-

son County, reversing his order that petitioner Harold Lewis Totty, Jr.'s automobile be confiscated for the transportation of marijuana. We reverse the Third Circuit Court, and reinstate the order of the Commissioner.

Officers J. L. Hayes and Herb R. Misskelly of the Metropolitan Nashville Police Department, while on patrol duty in Nashville on September 27, 1971 at 8:30 P.M., stopped Harold Totty, Jr., when they noticed the license tag on the rear of Totty's car was not attached as required by the State Vehicle Registration Law. The officers got out of the patrol car and met Totty, who had gotten out of his car, at the rear of the Totty vehicle. While Hayes was talking to Totty about the improperly affixed tag, Misskelly walked around the car, looking inside with the aid of a flashlight, to examine its interior for weapons. Misskelly testified that this was his normal procedure, as a safety precaution. When he had proceeded to the driver's side, he spotted a white plastic bag partially opened underneath the driver's seat. He saw that the bag contained a greenish substance. He had seen marijuana before, and so knew what it looked like. The window being down, he then held his head inside and he could smell the substance which smelled to be the same fragrance as marijuana. Officer Misskelly then opened the door, seized the substance which looked like marijuana he had seen before, and placed Totty under arrest for possession. A subsequent search at the scene produced 181 grams of marijuana in the car.

The Totty vehicle was seized for transporting contraband and turned over to the Department of Safety. Petitioner then petitioned for return of the vehicle alleging that the contraband was found by an illegal search, and the vehicle seized as a result of that illegal search. After a hearing, when the facts recited were adduced, the petition was denied. Petitioner was then granted a writ of certiorari to the Third Circuit Court of Davidson County which reversed the ruling of the Commissioner. The case is now before this Court on appeal. T. C.A. § 52–1405.

The trial court in entering its judgment reversing the ruling of the Commissioner filed findings of fact and conclusions of law in memorandum form. He found that when Officer Misskelly spotted the white bag underneath the front seat, there was "nothing in the record to indicate that Officer Misskelly had reason to believe that the white plastic bag contained anything offensive. . . . " Further, the trial court concluded that the discovery of the contraband was the result of an actual search, and that this search was unlawful. This Court cannot agree with either the finding or the conclusion.

■ It has long been settled that objects which fall in the "plain view" of an officer, who has the right to be in that position, are subject to seizure. This Court most recently passed on that proposition in Sneed v. State, 221 Tenn. 6, 423 S.W.2d 857 (1968), in which it was stated "that constitutional rights are not violated when a law officer, without any trespass against the defendant, and while he is at a place he has a right to be, looks and sees evidence against a defendant which is plainly visible." 221 Tenn. at 13, 423 S.W.2d at 860. The United States Supreme Court has consistently upheld and reaffirmed this proposition of law. Harris v. United States, 390 U.S. 234, 88 S.Ct. 992, 19 L.Ed.2d 1067 (1968); Ker v. California, 374 U.S. 23, 83 S.Ct. 1623, 10 L.Ed.2d 726 (1963).

In its most recent pronouncement on the doctrine, in Coolidge v. New Hampshire, 403 U.S. 443, 91 S.Ct. 2022, 29 L.Ed.2d 564 (1971), the United States Supreme Court clarified the necessary requirements: (1) the objects must be in "plain view"; (2) the viewer must have the right to be in that position for the view; and (3) the seized object must be discovered inadvertently or exigent circumstances must exist where the seizure is not based on a valid warrant. Further, it had been previously suggested that the incriminating nature of the object

in "plain view" must be apparent from the "plain view" of the object. Stanley v. Georgia, 394 U.S. 557, 89 S.Ct. 1243, 22 L.Ed.2d 542 (1969).

■ On the basis of the following testimony, it clearly cannot be doubted that the first requirement, that of "plain view", was met:

"Q. As you were looking inside the car, did you see anything unusual?

A. Not until I went by the passenger side first and came around to the front and down to the driver's side with my flashlight. I spotted a white plastic bag underneath the front seat.

.    .    .    .    .    .

Q. State again what you saw.

A. I spotted a white plastic bag partially opened in the front seat underneath the driver's side of the seat. I spotted some green stuff in the bag.

.    .    .    .    .    .

Q. Are you stating the bag was not sealed?

A. It was not sealed at all, just stuffed up under the seat partly out in the open.

Q. Once you discovered this, what did you proceed to do?

A. I opened the door and took the plastic bag out, looked at the contents inside which looked like marijuana I had seen before."

The second and third requirements, that the viewer have the right to be in that position and that the evidence be discovered inadvertently or from exigent circumstances excusing the absence of a warrant, are also met by the facts of this case. The vehicle was lawfully stopped for a vehicle registration violation. Officer Misskelly was performing a routine check with a flashlight from the outside of the vehicle for visible weapons, a normal safety precaution, when he inadvertently discovered what he believed to be marijuana in a plastic bag. There is considerable case authority to the effect that an officer may even conduct a reasonable search of a motor vehicle following arrest for a traffic violation for the purpose of looking for weapons. See, Anno., 10 ALR3d 314, and our case of Liming v. State, 220 Tenn. 371, 417 S.W.2d 769.

■ Not only were Officer Misskelly's actions reasonable, thereby satisfying the requirement that he have the right to be in that position, but, further, his routine check with the aid of a flashlight did not even constitute a search. Smith v. State, 155 Tenn. 40, 290 S.W. 4 (1926); Chadwick v. State, 1 Tenn.Crim.App. 72, 429 S.W.2d 135 (1968); See also, Green v. United States, No. 21,280 (D.C.Cir., December 3, 1968) (unreported opinion) cited at 134 U.S.App.D.C. 97, 413 F.2d 371 (1969) n. 2.

The Fourth Amendment seeks to protect that which an individual seeks to "preserve as private." Katz v. United States, 389 U.S. 347, 88 S.Ct. 507, 19 L.Ed.2d 576 (1967). An individual does not seek to "preserve as private" that which falls in the "plain view" of an officer who has the right to be there. Visual detection of this nature does not constitute a search within the meaning of the Fourth Amendment. Harris v. United States, supra, 390 U.S. 234, 88 S.Ct. 992, 19 L.Ed.2d 1067 (1968); Coates v. United States, 134 U.S.App.D.C. 97, 413 F.2d 371 (1969); Dorsey v. United States, 125 U.S.App.D.C. 355, 372 F.2d 928 (1967); Fagundes v. United States, 340 F.2d 673 (1st Cir. 1965); United States v. Williams, 314 F.2d 795 (6th Cir. 1963); Sneed v. State, supra, 221 Tenn. 6, 423 S.W.2d 857 (1968).

Coming to the more difficult question, whether the incriminating nature of the object in "plain view" was apparent, it is our opinion the evidence shows this to be the case. This requirement must be likened to the standard for probable cause: a reasonable belief, as certainty is unattainable without a prior chemical analysis. There are no cases from this jurisdiction holding

that seeing a greenish substance in plastic bags affords the reasonable belief that the substance is marijuana. However, cases from other jurisdictions, on almost identical facts, have held the seizure of such evidence lawful and admissible. See, People v. Gurule, 488 P.2d 889 (Colo.1971); State v. Cantor, 13 Ariz.App. 555, 479 P.2d 432 (1970); State v. Fry, 13 N.C.App. 39, 185 S.E.2d 256 (1971); Legall v. State, 463 S. W.2d 731 (Tex.Crim.App.1971). Another analogous case, United States v. Williams, supra, 314 F.2d 795 (6th Cir. 1963), involved the discovery of moonshine whiskey in "plain view" of officers who sought to stop a vehicle for traffic violations. The court found the officers could reasonably believe the substance to be moonshine whiskey as it was contained in half-gallon jars inside cartons, the established manner of transporting and distributing such whiskey, which practice was familiar to the officers. The evidence in "plain view" makes this case comparable to those cited, and sustains the legal reasonableness of the officer's conclusion that he had probable cause to open the automobile door and examine more closely the suspected material.

Having observed the commission of a criminal offense in his presence, and the evidence being in "plain view", he had the legal right to seize the contraband involved. Harris v. United States, supra, 390 U.S. 234, 88 S.Ct. 992, 19 L.Ed.2d 1067 (1968); Sneed v. State, 221 Tenn. 6, 423 S.W.2d 857 (1968).

■ The trial court's misconception of the facts is made more apparent by his conclusion, based on the following testimony, that the contraband was discovered by an active search. The testimony:

"Q. Did you conduct a thorough search of the car?

A. Upon the arrival of our zone sergeant, we conducted a thorough search of the car.

Q. Did you search the trunk?

A. Yes, sir, we searched the whole inside of the car and the trunk."

It must be remembered, however, that the foregoing occurred *after* Officer Misskelly had discovered the contraband in "plain view", and after petitioner had been placed under arrest for its possession, and that the above described general search occurred as incident to a lawful arrest. U. S. v. Barnett, 407 F.2d 1114 (6th Cir. 1969), cert. denied 395 U.S. 907, 89 S.Ct. 1748, 23 L.Ed. 2d 219 (1969); State ex rel. Carlson v. State, 219 Tenn. 80, 407 S.W.2d 165 (1966); Van Pelt v. State, 193 Tenn. 463, 246 S. W.2d 87 (1952); Nix v. State, 1 Tenn. Crim.App. 517, 446 S.W.2d 266 (1969).

The judgment of the trial court is reversed, and the order of the Commissioner of Safety of Tennessee is affirmed. The case is remanded to the Commissioner for the execution of his order.

DYER, C. J., and CHATTIN, and McCANLESS, JJ., and COOPER, Special Justice, concur.