**STATE of Tennessee, Appellee,**

v.

**David HORNER, Appellant.**

Court of Criminal Appeals of Tennessee, at Nashville.

July 8, 1980.

Permission to Appeal Denied by Supreme Court Sept. 15, 1980.

Robert E. Kendrick, Deputy Atty. Gen., Nashville, Douglas Bates, III, Asst. Dist. Atty. Gen., Centerville, for appellee.

Jerry C. Colley, Columbia, Emery B. Gill, Centerville, for appellant.

OPINION

DAUGHTREY, Judge.

The appellant–defendant, David Horner, was convicted of possession of a controlled

substance (marijuana), second offense, and he was sentenced to serve one year in the local jail. On appeal Horner challenges the admissibility of the marijuana introduced against him at trial on the ground that it was the fruit of an illegal search and seizure. The State responds that there was no search in this case, but only the seizure of contraband in "plain view."

The proof showed that in October of 1978, Hickman County Deputy Sheriff Bob Holt had a shotgun which needed repair and which he took to his friend David Horner, who was a "gunsmith of sorts." Horner was the proprietor of the local Radio Shack franchise in Centerville, and it was to this store that Deputy Holt brought his shotgun. When Holt arrived, Horner and his business partner, Joey Chesser, were both in the store, but Horner left shortly thereafter, leaving Chesser to work on Holt's shotgun. With Chesser's permission, Holt went behind the back counter to help with some grinding on the magazine of the gun. At one point Chesser left the back counter to wait on a customer, at the front of the store; Holt remained behind the counter. While he was waiting there for Chesser to return, Holt dropped a bit out of the drill that both of the men had been using. He bent over to retrieve the bit from beneath the counter and saw a plastic zip–lock bag containing what he believed to be marijuana lying on a lower shelf. As Deputy Holt later described it:

> I don't mind saying, I became confused at that point. I said to myself, what am I going to do? I'm here—got these guys helping me work on this thing. And I found some marijuana ... and then when Joey [Chesser] went back out from behind the counter I followed him out ... for one reason, because I felt uneasy sitting back there with that marijuana there, knowing it was there.

When Chesser finished with the customer, Holt explained to him that he had seen the marijuana and was going to seize it. Holt left the Radio Shack with the marijua-na and later met Horner on a nearby corner. The defendant told Holt that the marijuana was his, that he had received it as a gift, and that Chesser "had nothing to do with it."

At the suppression hearing Holt testified that he had entered the Radio Shack not to perform a search, nor even as a customer, but simply as a friend seeking a favor. He characterized his discovery of the marijuana as "accidental" and "wholly inadvertent." Holt said he never suspected that he would find contraband on the premises; if he had, he said, he "would have taken [the shotgun] somewhere else." Holt testified that he immediately recognized the nature of the green plant material in the plastic bag, "because as much marijuana as I have handled—I'm going to say tons, in the last fifteen years, there was no doubt in my mind that it was marijuana."

Both the State and the defendant agree that this case is controlled by the test set out in *Armour v. Totty*, 486 S.W.2d 537 (Tenn.1972), for determining whether an object seized without a warrant was in "plain view" at the time of the seizure and therefore not subject to the Fourth Amendment's search warrant requirement. *See generally Coolidge v. New Hampshire*, 403 U.S. 443, 91 S.Ct. 2022, 29 L.Ed.2d 564 (1971). In *Armour v. Totty*, the Tennessee Supreme Court, echoing *Coolidge*, held that the plain view doctrine requires proof:

(1) that the objects seized were in plain view;

(2) that the viewer had a right to be in position for the view;

(3) that the seized object was discovered inadvertently; and

(4) that the incriminating nature of the object was immediately apparent to the viewer.

*See generally* 486 S.W.2d at 538–39.

There was some dispute at trial as to whether the plastic "baggie" containing the marijuana was in full view when the deputy leaned under the counter to pick up the

drill bit (as he testified it was), or whether the baggie was out of sight and presumably buried in some styrofoam packing (as defense witnesses Horner and Chesser testified that it was). On appeal, however, the defendant concedes that there are no grounds for reversing the trial judge's determination that the evidence was in the officer's unobstructed view. It is further conceded that the deputy was behind the counter with the consent of the defendant and that he therefore had a right to be there and had not committed an unconstitutional intrusion. Moreover, the record supports the trial court's finding that the discovery was inadvertent.

Thus, the defendant's only contention on appeal is that the deputy could not and did not immediately recognize the contents of the plastic zip–lock bag to be contraband. We conclude that the evidence is to the contrary. Holt testified that the bag containing the marijuana was of the clear plastic variety commonly used to store marijuana. Based on his long experience with such evidence, he said he knew that the material in the bag was marijuana, although he admitted that he could not be absolutely certain until the evidence was tested in a lab.

We conclude that the circumstances surrounding the seizure of the contraband in this case satisfy the test of *Armour v. Totty, supra,* and that the seizure was not carried out in violation of *Coolidge v. New Hampshire, supra.* It follows that the trial judge did not err in refusing to order suppression of the marijuana in this case.

The judgment of the trial court is affirmed.

O'BRIEN and CORNELIUS, JJ., concur.