STATE of Tennessee, Appellee,

v.

James YARBRO, Appellant.

Court of Criminal Appeals of Tennessee, at Nashville.

March 26, 1981.

Permission to Appeal Denied by Supreme Court July 13, 1981.

Tommy E. Doyle, Maurine A. Carroll, Townsend & Doyle, Linden, for appellant.

William M. Leech, Jr., Atty. Gen., James A. DeLanis, Asst. Atty. Gen., Nashville, Douglas Bates, Asst. Dist. Atty. Gen., Centerville, for appellee.

## OPINION

TATUM, Judge.

The defendant, James Yarbro, was convicted for possessing marijuana, second offense, for which his punishment was fixed at 1 year in the County Jail. He was also convicted of carrying a pistol with intent to go armed for which he was fined $50. On this appeal, he assigns issue that the evidence was insufficient to support the jury verdicts, the trial court erred in refusing to suppress the State's evidence, the trial court erred in allowing rebuttal evidence and T.C.A. § 52–1432(b)(2) is unconstitutional. We find that the convictions must be affirmed.

The defendant's first issue is that the trial judge erred in refusing to suppress the State's evidence that the defendant possessed a quantity of marijuana and a pistol in his automobile. At the pre-trial suppression hearing, the Sheriff of Perry County and a Deputy Sheriff testified for the State. These officers testified that on the early evening of July 7, 1978, they observed the defendant driving on Lick Creek Road in Perry County. While they were behind the defendant, they observed that he was "weaving back and forth across the yellow line." They stopped him because of his "weaving" which made them "suspicious concerning his intoxication."

The officers stopped the patrol car behind the car owned and driven by the defendant, and the deputy went to the driver's side of the automobile and talked to the defendant while the Sheriff remained in the patrol car as a "backup" to enable him to watch the defendant and the two companions in his automobile. The deputy asked the defendant for his driver's license and asked him if he had been drinking. While looking at the driver's license and talking with the defendant, who had gotten out of the car, the deputy saw the handle of a pistol protruding from under the front seat of the automobile on the driver's side in plain view. It was determined that the defendant had been drinking beer but not sufficiently to warrant his arrest for driving while intoxicated.

Upon seeing the deputy get the pistol, the Sheriff left the patrol car and was advised by the defendant that the pistol belonged to him but that it "wouldn't shoot." The Sheriff said, "let's try it" and pointed the pistol toward the ground and fired it. The Sheriff then requested and obtained permission from the defendant to search his car. A quantity of marijuana was found "over next to the steering wheel—stuck up under the dash."

The defendant also testified at the suppression hearing. He stated that he was not weaving when the Sheriff stopped him. The deputy asked for his driver's license, and he got out of the car and showed the driver's license to the deputy. The deputy asked him how much he had to drink, and he told the deputy that he had "a couple of beers." He testified, "The Sheriff here asked me if he could search the car, and I okayed him to search the car." It was after the defendant gave permission for the search that both the pistol and the marijuana were found, according to the defendant. The defendant did not claim that the consent to search was coerced or was not freely and voluntarily given.

There was a third officer nearby who was radioed by the Sheriff to come to the scene. However, this officer merely stood by and took no part in the matter.

In his finding of fact, the trial judge found that the two officers observed the defendant's weaving his automobile over the center line and were therefore justified in detaining the defendant for further investigation. He further found that the officers saw the pistol in plain view and that the consent to search by the defendant was given freely and voluntarily.

■ It is well settled that police officers may briefly stop individuals and make inquiries when they have a founded suspicion the persons are engaged in illegal activities. *Terry v. Ohio*, 392 U.S. 1, 27, 88 S.Ct. 1868, 1883, 20 L.Ed.2d 889, 909 (1968). There was proof to support the trial judge's finding that the officers had a founded suspicion that the defendant was driving while intoxicated. The fact that it later developed that the defendant was not intoxicated does not render the detention unlawful.

■ The evidence supports the finding that the pistol was in plain view of the officer who observed it inadvertently while at a place where he had a right to be. *See Armour v. Totty*, 486 S.W.2d 537, 538 (Tenn.1972). The evidence concerning the pistol was admissible under the "plain view" doctrine.

■ Furthermore, the search of the automobile which resulted in the seizure of the marijuana was by permission of the defendant and was not constitutionally prohibited.

*State v. Manning,* 490 S.W.2d 512, 514 (Tenn.1973).

■ The trial judge in his finding of fact stated that it was for the jury to determine whether the officer saw the pistol before or after he determined that the defendant was not intoxicated. It is the duty of the trial judge to determine the admissibility of evidence, and this duty cannot be delegated to the jury. *State v. Pursley,* 550 S.W.2d 949 (Tenn.1977); *Beaver v. State,* 220 Tenn. 133, 414 S.W.2d 841, 845 (1967); *Shafer v. State,* 214 Tenn. 416, 381 S.W.2d 254, 260–261 (1964). However, we do not think that it was material whether the officer observed the pistol before or after he determined the defendant was not intoxicated. The evidence was admissible under the "plain view" doctrine if the officer was not trespassing and was at a place where he had a right to be. *Armour v. Totty, supra.* The trial judge made a finding that the officers lawfully detained the defendant. We further note that the trial judge did not submit the issue to the jury.

■ The defendant further argues that the testimony of the Sheriff and his deputy was not worthy of belief and should not have been accredited by the trial judge. However, the findings of fact by the trial judge after a hearing on a motion to suppress is given the weight of a jury verdict. The question of credibility of witnesses is for the trial judge. The evidence does not preponderate against the substantial evidence supporting the trial judge's findings. *Gwinn v. State,* 595 S.W.2d 832 (Tenn.Cr. App.1979); *see State v. Chandler,* 547 S.W.2d 918, 922–923 (Tenn.1977); *Braziel v. State,* 529 S.W.2d 501, 506–507 (Tenn.Cr. App.1975). There is no merit in the defendant's contention that the trial judge erred in refusing to suppress the State's evidence.

We will now address the question of whether the evidence is sufficient to support the verdict. At trial, the testimony of the Sheriff and his deputy was substantially the same as that given at the suppression hearing. They suspected that the defendant was driving while intoxicated because his automobile was weaving across the center line. Upon stopping him, the pistol was observed in plain view, and the consent search revealed a quantity of marijuana hidden under the dashboard of the automobile on the driver's side.

The defendant testified in his own behalf. He admitted that the pistol belonged to him and said that he carried it for "protection."

The defendant testified that Candy Crouch was his girlfriend and that her brother, Robin Crouch, was his friend. He did not live with his wife and two children but was staying with his father whose residence was approximately 10 miles from the residence of Robin and Candy Crouch. On the night before he was arrested, he visited for a time at the Crouch home when he gave Robin and Candy permission to use his automobile on the following day, June 7. He testified that after a visit with Robin and Candy, he drove around alone for a time and then went to his father's house to spend the night. The next morning, he left his father's house and went to work about 7:00 A.M. and left his automobile in the driveway with the keys in it. When he returned that evening from work, he found his automobile parked in the driveway. He did not know how Robin and Candy Crouch traveled from their home to his father's home to get the automobile. He denied knowing that the marijuana was in the automobile.

Robin Crouch testified that his sister, Candy, came after him in the defendant's automobile on the afternoon of June 7. Candy drove them to a laundromat, and he left a "half a bag of pot" stuck underneath the dash and forgot to remove it when he left the car. He did not inform the police authorities of their error in arresting the defendant for possessing the marijuana or explain to them that the marijuana belonged to him.

The State called Candy Crouch as a rebuttal witness. She testified that the defendant spent the night before he was arrested at her home, and she took him to work the next morning and kept his car. She used the defendant's car that day; and

after she and Robin went to a laundromat, she left the car at the defendant's father's house before the defendant returned there from work.

■ Obviously, the evidence, including the defendant's testimony, is sufficient to support the guilty verdict of possessing the pistol with intent to go armed.

■ The evidence supports the inference that the marijuana found under the dash on the driver's side of the defendant's automobile, within his reach, was in his constructive possession. *Armstrong v. State*, 548 S.W.2d 334, 336–337 (Tenn.Cr. App.1976); *Whited v. State*, 483 S.W.2d 594, 596 (Tenn.Cr.App.1972). The weight of the evidence was for the jury; it was not bound, as a matter of law, to accept the testimony of the defendant and Robin Crouch. *Williams v. State*, 520 S.W.2d 371, 374 (Tenn.Cr.App.1974); *Hicks v. State*, 490 S.W.2d 174, 177–178 (Tenn.Cr.App.1972). The evidence, above outlined, taken as a whole, including the rebuttal evidence, is sufficient to convince a rational jury of the defendant's guilt of both offenses beyond a reasonable doubt. We must overrule the issues attacking the sufficiency of the evidence. Rule 13(e), T.R.A.P.

■ The defendant next complains that the trial court erred in admitting the rebuttal testimony of Candy Crouch. The scope of rebuttal evidence lies solely within the discretion of the trial court. *Beasley v. State*, 539 S.W.2d 820, 824 (Tenn.Cr.App. 1976). Any competent evidence which explains or directly applies to evidence introduced by the accused is admissible in rebuttal. *Nease v. State*, 592 S.W.2d 327, 331 (Tenn.Cr.App.1979); *Cozzolino v. State*, 584 S.W.2d 765, 768 (Tenn.1979). The testimony of Candy Crouch directly contradicted the defendant's testimony that he drove his automobile to his father's home the night before he was arrested, spent the night there and left the automobile in the driveway for Candy Crouch when he went to work the following morning. The evidence was proper rebuttal evidence.

Finally, the defendant insists that T.C.A. § 52–1432(b)(2) denies equal protection of the law in violation of the Fourteenth Amendment to the United States Constitution. He bases his arguments on the proposition that T.C.A. § 52–1432(b)(2) provides that a second conviction for the misdemeanor of possessing a controlled substance is punishable by confinement of not less than 1 year while one convicted of a felony with the minimum punishment of 1 year may receive confinement in the County Jail for a time less than 12 months under T.C.A. § 40–2703.

The equal protection clause requires that all persons and entities be treated the same under like circumstances and conditions. *Genesco, Inc. v. Woods*, 578 S.W.2d 639, 641 (Tenn.1979).

■ Recidivist statutes do not violate either the equal protection or the due process provisions of the State and Federal Constitutions. *Glasscock v. State*, 570 S.W.2d 354, 355 (Tenn.Cr.App.1978); *Moore v. State*, 563 S.W.2d 215, 218 (Tenn.Cr.App. 1977). All persons convicted of a second offense for possessing a controlled substance are subject to the enhanced punishment provisions of T.C.A. § 52–1432(b)(2). The fact that some felonies may be punishable for a lesser period does not render the recidivist statute unconstitutional. There is no merit in this issue.

The judgments of the trial court are affirmed.

DUNCAN and BYERS, JJ., concur.