Henry S. ANDERSON, M.D., Appellant,

v.

Alma PREASE, Appellee.

No. 81–479.

District of Columbia Court of Appeals.

Argued March 24, 1982.

Decided April 28, 1982.

---

Winfred R. Mundle, Silver Spring, Md., for appellant.

David A. Lee, Washington, D. C., for appellee.

Before NEWMAN, Chief. Judge, and KELLY and KERN, Associate Judges.

PER CURIAM:

After a bench trial, a judgment was entered in favor of appellee and against appellant awarding damages for the intentional infliction of emotional distress. The issue on appeal is whether there was sufficient evidence to support the judgment. We affirm.

■ This case arose out of a dispute between appellant, a physician, and appellee, his patient. A prima facie case of intentional infliction of emotional distress requires an intentional act and a proximately caused injury. *Waldon v. Covington*, D.C.App., 415 A.2d 1070, 1075–76 n.18 (1980). The requisite intent can be inferred from the outrageousness of appellant's acts. *Id.* at 1077. Although the actor's conduct may generally not be considered extreme or outrageous, it may be characterized as such when the actor knows that the other person is peculiarly susceptible to emotional distress. Restatement of Torts § 46, Comment f (2d ed. 1965). In this case, appellant apparently knew of appellee's fragile nervousness since he had prescribed valium (an anxiety reducing medication) for her many times. There was testimony at trial that appellee had told appellant of her history of depression and that the parties' physician-patient relationship ended on February 23, 1976, when appellant cursed appellee and screamed at her to leave his office. Because it is reasonable to infer that appellant knew that appellee was peculiarly susceptible to emotional distress, his conduct was extreme and outrageous under the circumstances. There was evidence at trial that appellant's conduct caused appellee to stay at home, discontinue working, and later, to enter the hospital.

■ In reviewing factual issues, this court will affirm a judgment made by a court sitting without a jury unless it is plainly wrong or without evidence to support it. D.C.Code 1981, § 17–305(a). Although there was conflicting testimony, there was evidence which the trier of fact chose to credit which supports its decision. Any inconsistencies existing in the testimony of the witnesses are simply factors to be considered by the trier of fact. *Coates v. United States*, 134 U.S.App.D.C. 97, 99, 413 F.2d 371, 373 (1969). We conclude that the evidence at trial was sufficient to support the judgment.

*Affirmed.*