**STATE of Tennessee, Appellant,**

v.

**Paul M. DOUGHERTY, Appellee.**

Court of Criminal Appeals of Tennessee,
at Nashville.

March 14, 1996.

No Permission to Appeal Applied
for to the Supreme Court.

Joseph Y. Longmire, Hendersonville, for Appellee.

Charles W. Burson, Attorney General & Reporter, Eugene J. Honea, Assistant Attorney General, Criminal Justice Division, Nashville, Lawrence Ray Whitley, District Attorney General, Kathi Phillips, Asst. Dist. Attorney General, Gallatin, for Appellant.

## OPINION

SUMMERS, Judge.

The state brings this appeal claiming that the trial judge erred in granting the appellee's motion to suppress. Following our review, we reverse the trial court's decision and remand for further proceedings.

▆ We recognize that the trial judge's findings of fact on a motion to suppress are conclusive on appeal unless the evidence preponderates otherwise. *State v. Woods,* 806 S.W.2d 205, 208 (Tenn.Crim.App.1990). However, in this case no findings of fact were made by the trial judge. The record alludes to a stipulation of fact; but such is unclear.[1] Further, no proof was presented at the hearing on the motion to suppress. In the record before us we have the transcript of the preliminary hearing and the argument of counsel at the suppression hearing. Therefore, our review will be *de novo.*

The record reveals that Officer Wayne Clifford stopped the appellee for speeding. As Officer Clifford approached the appellee's van, he noticed the odor of an alcoholic beverage and observed a twelve pack of beer in the back of the van. He also saw a number of beer cans next to the driver's seat. Officer Clifford asked the appellee to step out of the vehicle. He then conducted three field sobriety tests which appellee passed. Having seen an open beer can inside the vehicle, Officer Clifford asked the appellee if the can still had beer in it. The appellee responded affirmatively.

Knowing this to be a violation of the open container law, Officer Clifford reached across the seat and retrieved the open can of beer. In so doing, he observed a portion of a plastic bag sticking out of a yellow pad in the console area. Clifford saw what he described as

---

1. Fortunately for the Court, the appellee agreed with the state's brief as to facts that are dispositive of this appeal.

a green, leafy substance inside the protruding portion of the bag.

Officer Clifford asked the appellee for permission to search the van. The appellee hesitated and answered, "no, I'd rather not." Clifford then informed him that he had seen the marijuana and was going to search anyway. Officer Clifford removed the marijuana and beneath the yellow pad found a stainless steel marijuana pipe with what appeared to be marijuana residue in it. The appellee was placed under arrest. A field test revealed that the substance was in fact marijuana.

The appellee was charged with possession of less than one-half ounce of marijuana and possession of drug paraphernalia. He filed a motion to suppress the items recovered from his vehicle claiming that the search violated the Fourth Amendment to the United States Constitution and Art. I, § 7 of the Tennessee Constitution. Following a hearing, the trial judge granted the motion, concluding that the officer did not have the right to reach inside the van to take the open beer can.

In this appeal, the state specifically argues that the marijuana was found in plain view and thus did not constitute a warrantless search. The plain view exception to the warrant requirement requires proof that:

(1) the objects seized were in plain view;

(2) the viewer had a right to be in position for the view;

(3) the seized object was discovered inadvertently; and

(4) the incriminating nature of the object was immediately apparent.

*State v. Horner*, 605 S.W.2d 835, 836 (Tenn. Crim.App.1980). The only disputed element is whether the officer had a right to be in position for the view of the marijuana.

The appellee argued at the suppression hearing that the open container law violation did not give the officer the right to reach into his vehicle to retrieve the open beer can. He reasoned that the open container law [2] is a misdemeanor for which he can be cited but not arrested. Further, the appellee now ar-

gues that to allow the officer to seize the open beer can would be to conclude that open beer cans are contraband *per se*. The appellee's argument is misguided.

■ While it is true that the open container law is a misdemeanor and is punishable by fine only, it is not true that the officer's actions in removing the open container violated the applicable provisions of the United States or Tennessee Constitutions. Both the Fourth Amendment and Art. I, § 7 recognize "the right of the people to be secure ... against *unreasonable* searches and seizures." (emphasis added). The arresting officer knew, based on the appellee's admission, that the open beer can was not empty. Thus, it was not unreasonable for him to remove the can to prevent the driver from proceeding forward with an open alcoholic beverage. In fact, it would have been unreasonable for the officer to allow the appellee to proceed with the open can of beer.

■ Finding the officer's actions in removing the can reasonable, we conclude that in so doing, he inadvertently discovered the marijuana. The officer indicated that he did not move anything to see the marijuana and that it was immediately apparent to him that the bag contained marijuana. Therefore, we find that the evidence was discovered by the officer via the plain view doctrine.

■ Once the marijuana was discovered, the officer had probable cause to conduct a search of the vehicle. Consent to search was unnecessary. *See State v. Shrum*, 643 S.W.2d 891 (Tenn.1982).

We respectfully find that the trial court erred in granting the motion to suppress and reverse and remand for further proceedings.

WADE and TIPTON, JJ., concur.

---

2. The open container law provides that "No driver shall consume any alcoholic beverage or beer or possess an open container of alcoholic beverage or beer while operating a motor vehicle in this state.... A violation of this section is a Class C misdemeanor, punishable by fine only." Tenn.Code Ann. § 55–10–416 (Supp.1995).