# IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
## AT NASHVILLE
### Assigned on Briefs August 15, 2000 Session

## STATE OF TENNESSEE v. ANTHONY E. COLLIER

**Appeal as of Right from the Criminal Court for Davidson County**
**No. 99-B-813     Seth Norman, Judge**

-----

**No. M1999-01408-CCA-R3-CD - Filed March 28, 2001**

-----

On March 31, 1998, Metropolitan Nashville Police Officers executed a search warrant on the residence and person of Anthony E. Collier, the defendant and appellee.  Police searched the defendant, his vehicle and his residence and seized drugs, drug paraphernalia and weapons.  The defendant moved to suppress the evidence, and, following a suppression hearing, the trial court granted the defendant's motion.  On appeal, the State claims that the trial court erred.  We hold that the search of the defendant was not supported by probable cause and any evidence seized from the defendant's person was thus properly suppressed.  However, we also find that the failure of the trial court to make findings of fact with respect to the question of whether the contraband was in plain view and thus subject to seizure requires us to remand this case for entry of such findings pursuant to Tenn. R. Crim. P. 12(e).  Finally, the search of the defendant's residence was supported by the warrant; thus any evidence seized from the defendant's vehicle or residence should not have been suppressed.  Accordingly, we reverse in part and affirm in part the judgment of the trial court, and we remand the case to the trial court for further proceedings in accordance with this opinion.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Criminal Court is Affirmed in Part and Reversed in Part.**

JERRY L. SMITH, J., delivered the opinion of the court, in which JOE G. RILEY, J., and L. T. LAFFERTY, SR. J., joined.

Paul G. Summers, Attorney General and Reporter; Lucian D. Geise, Assistant Attorney General; Victor S. Johnson, District Attorney General and Pam Anderson, Assistant District Attorney, Nashville, Tennessee, for the appellant, State of Tennessee.

Sam E. Wallace, Jr., Nashville, Tennessee, for the appellee, Anthony E. Collier.

# OPINION

## Factual Background

On March 30, 1998, Sergeant Buddy Tidwell of the Metropolitan Nashville Police Department obtained information from a confidential informant that the defendant was selling drugs from his residence in Nashville. Based on that information, Sergeant Tidwell obtained a search warrant for the defendant and his residence on March 31, 1998. Although the warrant specified that the evidence sought might be found at the residence or on the person of the defendant, the affidavit in support of the warrant only made reference to the residence, not the defendant.

The informant told Sergeant Tidwell that the defendant was often armed; thus, Sergeant Tidwell and several other officers decided to execute the warrant in an unusual manner. Instead of knocking on the door and announcing their presence, the officers planned to wait until the defendant left the residence so as to avoid any armed conflict. Therefore, Sergeant Tidwell and Officer Mike Moss established surveillance of the residence in an unmarked vehicle while other officers waited nearby in a marked vehicle in case the defendant drove away.

Sergeant Tidwell saw the defendant leave his residence and get into a white sport-utility vehicle. He then radioed the other officers and told them to stop the defendant's vehicle. For some reason not disclosed in the record, the other officers did not stop the defendant, and Sergeant Tidwell followed him in the unmarked car until the defendant stopped at a nearby residence. The defendant parked at the residence and got out of his vehicle, but left the vehicle running. At that point, Sergeant Tidwell and Officer Moss approached the defendant and identified themselves as police officers. They told the defendant to "get down," and the defendant complied. Then, they handcuffed the defendant and searched him. They found a bag of cocaine and a bag of marijuana, both in the defendant's sock.

At some point, Sergeant Tidwell approached the defendant's vehicle, which was still running, in order to transport it back to the defendant's residence to execute the search warrant. Through the window of the defendant's vehicle, Sergeant Tidwell saw two large bags of what appeared to be cocaine sitting on the console. The bags were in plain view. A more thorough search of the vehicle uncovered eight-hundred and ninety dollars in cash, another bag containing cocaine, ammunition for various types of weapons and electronic scales. Officers then returned to the defendant's residence and searched it. There, they found a small amount of marijuana and some drug paraphernalia.

The defendant was indicted for possession with intent to sell more than twenty-six grams of cocaine, possession with intent to sell between one-half ounce and ten pounds of marijuana, possession of drug paraphernalia, and four counts of possession of a weapon. The defendant moved to suppress the evidence seized because it "was seized from a location other than the place described in the search warrant." At a suppression hearing, Sergeant Tidwell was the State's only witness. Although the defendant's attorney indicated that the defendant intended testify, the court granted the suppression motion immediately after Sergeant Tidwell testified. The State then appealed here.

## Standard of Review

The State claims that the trial court erred when it granted the defendant's motion to suppress, because (1) the warrant authorized a search of the defendant's person as well as his residence; and

(2) the cocaine in the vehicle was in plain view. "[A] trial court's findings of fact in a suppression hearing will be upheld unless the evidence preponderates otherwise." State v. Odom, 928 S.W.2d 18, 23 (Tenn. 1996). "The application of the law to the facts found by the trial court, however, is a question of law which this Court reviews de novo." State v. Yeargan, 958 S.W.2d 626, 629 (Tenn. 1997)(citing Beare Co. v. Tennessee Dept. of Revenue, 858 S.W.2d 906, 907 (Tenn.1993)).

Initially, we note that the trial court did not make any findings of fact on the record. Indeed, it is impossible to determine on the record before this Court precisely what evidence was suppressed. Following the state's proof, the trial court merely stated, "Motion to Suppress sustained." This case illustrates the importance of the trial court's affirmative duty to state the essential findings of fact on the record. See Tenn. R. Crim. P. 12(e). As this Court has recently noted, "a trial court that fails to comply with this duty runs the risk of having the judgment vacated and the case remanded for factual findings." State v. Alton Darnell Young, No. M1999-01166-CAA-R3-CD, 2000 WL 380103, at *2 (Tenn. Crim. App. at Nashville, April 14, 2000)(citing State v. Alonzo Gentry, No. 02C01-9708-CC-00335, 1998 WL 351228, at *2 (Tenn. Crim. App. at Jackson, July 2, 1998) (remanding the case to the trial court for factual findings on a motion to suppress)). For the reasons stated infra, we are able in this case to render an opinion as to the validity of the search of the defendant's person and his residence. However, the record before us is insufficient for a determination as to whether the contraband found in the defendant's vehicle was in plain view and thus subject to seizure. We must therefore remand this case to the trial court in order to give the state and defendant an opportunity to put on proof as to the location of the cocaine found in the vehicle and for the trial court to make findings of fact on this issue pursuant to Tenn. R. Crim. P. 12(e).

## Search and Seizure
## A. The Defendant's Person

First, the state claims that the trial court erred because the search warrant authorized a search of the defendant's person as well as his residence. We disagree, because the affidavit in support of the warrant only established probable cause to search the residence. A search or seizure of a person must be supported by probable cause particularized with respect to that person. Ybarra v. Illinois, 444 U.S. 85, 91, 100 S. Ct. 338, 342, 62 L. Ed. 2d 238 (1979). As a general rule, a search warrant shall be issued only on the basis of an affidavit which establishes probable cause for its issuance. See State v. Jacumin, 778 S.W.2d 430, 432 (Tenn. 1989); State v. Moon, 841 S.W.2d 336, 338 (Tenn. Crim. App. 1992).[1] A showing of probable cause requires, generally, reasonable grounds for suspicion, supported by circumstances indicative of an illegal act. State v. Johnson, 854 S.W.2d 897, 899 (Tenn. Crim. App. 1993). Thus, a decision regarding the existence of probable cause requires that the affidavit contain more than mere conclusory allegations by the affiant. Moon, 841 S.W.2d at 338; State v. Stevens, 989 S.W.2d 290, 293 (Tenn. 1999). The adequacy of the affidavit must be viewed in light of the circumstances and in light of the entire substance of the affidavit. See State v. Lowe, 949 S.W.2d 300, 304 (Tenn. Crim. App. 1996).

---

[1] This requirement is also statutorily mandated. Tennessee Code Annotated section 40-6-103 provides that "[a] search warrant can only be issued on a probable cause, supported by affidavit, naming or describing the person and particularly describing the property, and the place to be searched." Tenn. Code Ann. § 40-6-103.

In this case, the affidavit provided the following as a basis for the search warrant:
On the date of March 30, 1998, your affiant received information from a confidential reliable informant whose name affiant has this date revealed to the judge before whom this application is made; said informant was at 1022 Preslor Drive and observed crack cocaine being offered for resale. Affiant was monitoring this event and was able to retrieve a portion of the substance being offered for sale. Affiant field-tested the substance with positive presumptive reaction for cocaine or cocaine base. Said informant was at this residence within the last 72 hours. Informant is reliable in that informant has provided information to law enforcement on numerous occasions that has led to arrest and conviction in drug-related cases. Affiant believes that probable cause to believe [sic] additional controlled substances and evidence of crime is located at this residence.

Although the warrant particularly described both the place to be searched and the defendant, the affidavit only established probable cause to search the residence, not the defendant; indeed, there is no reference to the defendant or any other person in the affidavit. Nevertheless, police seized the defendant far from his house, searched him thoroughly, and subsequently returned him to the residence to execute the warrant. While the police may have permissibly detained the defendant if he was present at his residence during the execution of the warrant, see Michigan v. Summers, 452 U.S. 692, 704, 101 S. Ct. 2587, 2595, 69 L. Ed. 2d 340 (1981), or perhaps even seized the defendant outside his residence in order to properly execute the warrant, see Illinois v. McArthur, — S.Ct. ----, 2001 WL 137449 (U.S. Feb 20, 2001); see also State v. Meadows, 745 S.W.2d 886, 891 (Tenn. Crim. App. 1987), we are unaware of any authority that would permit a full search of a person who was located away from his residence pursuant to a search warrant of that person's residence. Furthermore, nothing in the record suggests that the police acquired probable cause to search the defendant in any other manner.[2] Accordingly, any evidence obtained as a result of the search of the defendant's person was properly suppressed by the trial court.

### B. The Defendant's Vehicle

Without comment other than the motion to suppress is "sustained" the trial court also apparently suppressed the cocaine found in the defendant's vehicle. The State argues this was erroneous because this cocaine was in plain view in the automobile and thus subject to seizure. The plain view doctrine requires proof that: (1) the objects seized were in plain view; (2) the viewer had a right to be in position for the view; (3) the seized object was discovered inadvertently; and (4) the incriminating nature of the object was immediately apparent. Coolidge v. New Hampshire, 403 U.S. 443, 470, 91 S. Ct. 2022, 2040, 29 L. Ed. 2d 564 (1971); State v. Hawkins, 969 S.W.2d 936, 938 (Tenn. Crim. App. 1997); State v. Horner, 605 S.W.2d 835, 836 (Tenn. Crim. App. 1980). In this case, although the police officer who seized the cocaine from the vehicle testified the cocaine was

---

[2]Unfortunately, the record does not indicate exactly when the defendant was searched. Sergeant Tidwell testified that when he approached the defendant, he told him to get down. When asked whether he searched the defendant before or after he placed the defendant in handcuffs, Sergeant Tidwell replied "As I recall, I think we kind of did both."

in plain view, the trial court's ruling in his favor preempted the defendant from putting on proof, which he contends on appeal would show that the cocaine was not in plain view. While in most cases we would hold that the defendant's failure to make a proffer of proof on this issue would constitute a waiver of the issue, we decline to do so in this case. The defendant should not be expected to make a proffer of proof when the trial court has sustained his position.

Thus, this is precisely the sort of factual dispute that Tenn. R. Crim. P. 12(e) requires the trial court to settle with findings that settle the issue of whether the cocaine was in a place in the vehicle where it was readily observable by the police. We therefore hold that this case should be remanded to the trial court for findings of fact pursuant to Tenn. R. Crim P. 12(e) as to whether the cocaine in the defendant's vehicle was in plain view.

## C. The Defendant's Residence

Finally, the record indicates that Sergeant Tidwell and other officers executed the search warrant at the defendant's residence at 1022 Preslor Drive and discovered a trace amount of marijuana and some drug paraphernalia. The warrant specifically authorized a search of the residence and was supported by the affidavit which stated sufficient probable cause. Furthermore, nothing in the record suggests that the search of the residence was unlawful. Thus, any evidence obtained from the residence should not have been suppressed.

Accordingly, the judgment of the trial court is AFFIRMED in part and REVERSED in part, and the case is remanded for proceedings consistent with this opinion.

_____
JERRY L. SMITH, JUDGE