IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE

AT JACKSON

APRIL 1999 SESSION

FILED

April 13, 1999

Cecil Crowson, Jr.
Appellate Court Clerk

STATE OF TENNESSEE, )
)
       Appellee, )   No. 02C01-9806-CR-00198
)
)   Shelby County
v. )
)   Honorable Joseph B. Dailey, Judge
)
JAMELL RICHMOND, )   (Aggravated Burglary)
)
       Appellant. )

| For the Appellant: | For the Appellee: |
|---|---|
| James V. Ball<br>217 Exchange Avenue<br>Memphis, TN 38103<br>(AT TRIAL) | Paul G. Summers<br>Attorney General of Tennessee<br>   and<br>Patricia C. Kussmann<br>Assistant Attorney General of Tennessee |
| A. C. Warton, Jr.<br>District Public Defender<br>  and<br>Walker Gwinn<br>Assistant Public Defender<br>201 Poplar Avenue<br>Memphis, TN 38103<br>(ON APPEAL) | 450 James Robertson Parkway<br>Nashville, TN 37243-0493<br><br>William L. Gibbons<br>District Attorney General<br>   and<br>David Henry<br>Assistant District Attorney General<br>201 Poplar Avenue, 3rd Floor<br>Memphis, TN 38103 |

OPINION FILED:_____

AFFIRMED

Joseph M. Tipton
Judge

**O P I N I O N**

The defendant, Jamell Richmond, appeals as of right from his conviction by a jury in the Shelby County Criminal Court for aggravated burglary, a Class C felony. He was sentenced as a Range II, multiple offender to ten years in the custody of the Department of Correction. The defendant contends that there was insufficient evidence to convict. We affirm the trial court.

The evidence showed that the victim, Henry Earl James, arrived at his apartment at 4:50 p.m. on December 6, 1995, and found his front door open. He left, called the authorities, and returned with two Shelby County Sheriff's officers. Upon entering his apartment, the victim found his stereo system, two television sets and some other items piled by the front door.

One officer observed marks reflecting that the front door had been pried open. A detective arrived and tested the various items in the pile for fingerprints. The only latent fingerprint came from a glass candy jar that was on one of the television sets.

A fingerprint expert testified that the latent print came from the defendant's left middle finger. He testified that he requires eight matching points of comparison in order to form an opinion and that he had fifteen matching points with the latent fingerprint and the defendant's known fingerprint. The victim testified that he neither knew the defendant nor gave him permission to be in the apartment. Based upon this evidence, the jury convicted the defendant of aggravated burglary.

The defendant contends that the fingerprint evidence was insufficient to prove circumstantially beyond a reasonable doubt that he committed the burglary. It is

2

well established that circumstantial evidence alone may be sufficient to support a conviction. State v. Buttrey, 756 S.W.2d 718, 721 (Tenn. Crim. App. 1988). However, the circumstantial evidence "'must be not only consistent with the guilt of the accused but it must also be inconsistent with his [or her] innocence and must exclude every other reasonable theory or hypothesis except that of guilt.'" State v. Tharpe, 726 S.W.2d 896, 900 (Tenn. 1987) (quoting Pruitt v. State, 3 Tenn. Crim. App. 256, 267, 460 S.W.2d 385, 390 (1970)). In this way, "'it must establish such a certainty of guilt of the accused as to convince the mind beyond a reasonable doubt that [the defendant] is the one who committed the crime.'" Id. at 896 (quoting Pruitt, 3 Tenn. Crim. App. at 267, 460 S.W.2d at 390). While following these guidelines, we must note that the jury decides the weight to be given to circumstantial evidence and that "[t]he inferences to be drawn from such evidence, and the extent to which the circumstances are consistent with guilt and inconsistent with innocence, are questions primarily for the jury." Marable v. State, 203 Tenn. 440, 452, 313 S.W.2d 451, 457 (1958).

The defendant does not contest the fact that the evidence proved that an aggravated burglary occurred. Rather, he indicates that the fingerprint could have been placed upon the candy jar innocently. In support, he advances Borum v. United States, 380 F.2d 595 (D.C. Cir. 1967)[1], in which the court, in a split opinion, concluded that matching fingerprints were insufficient evidence in a burglary case when no evidence existed that the objects in question were generally inaccessible to the defendant.

First, we question whether the evidence disclosed in the Borum case was insufficient to prove that the defendant broke into the home. In any event, we believe that the evidence in the present case shows sufficient inaccessibility. Unquestionably, a burglary occurred. The victim did not know the defendant and had never given him access to the apartment. Aside from idle speculation, nothing indicates an innocent

---

[1] The citation provided by the defendant for Borum was incorrect as to both volume and date. We assume that the Borum case found by us is the one upon which the defendant relies.

reason for the defendant's fingerprint to be on the candy jar. In <u>State v. Evans</u>, this court was faced with similar circumstantial evidence and stated the following:

> The locked filing cabinet was broken into and property was stolen from a microfilm box that prior to the burglary was in the filing cabinet. The defendant's fingerprint was found on the microfilm box. Fingerprint evidence alone may support a conviction and the weight to be given to such evidence is for the jury's determination. Further, we point out that the record contains no evidence that could reasonably be said to show that the defendant's fingerprint could have gotten on the microfilm box in some innocent manner.

669 S.W.2d 708, 710 (Tenn. Crim. App. 1984) (citations omitted). We hold that the evidence was sufficient to convict the defendant for the aggravated burglary.

In consideration of the foregoing and the record as a whole, the judgment of conviction is affirmed.

_____
Joseph M. Tipton, Judge

CONCUR:


_____
David G. Hayes, Judge


_____
L. Terry Lafferty, Special Judge

4