IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT JACKSON
Assigned on Briefs September 10, 2002

## STATE OF TENNESSEE v. DONALD R. MOBBLEY

**Appeal from the Criminal Court for Shelby County**
**No. 00-13852      Joseph B. Dailey, Judge**

---

**No. W2002-00202-CCA-MR3-CD - Filed October 22, 2002**

---

A Shelby County Criminal Court jury convicted the defendant, Donald R. Mobbley, of burglary, a Class D felony, and the trial court sentenced him as a Range I, standard offender to two years in the workhouse.  The defendant appeals, claiming that the evidence is insufficient to support his conviction and that the trial court erred by failing to instruct the jury on theft of property as a lesser included offense.  We hold that the evidence is sufficient and that theft is not a lesser included offense of burglary.  We affirm the judgment of the trial court.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Criminal Court Affirmed**

JOSEPH M. TIPTON, J., delivered the opinion of the court, in which DAVID G. HAYES and JOE G. RILEY, JJ., joined.

AC Wharton, Jr., District Public Defender; Tony N. Brayton, Assistant Public Defender (on appeal); and Mary Katherine Kent, Assistant Public Defender (at trial), for the appellant, Donald R. Mobbley.

Paul G. Summers, Attorney General and Reporter; J. Ross Dyer, Assistant Attorney General; William L. Gibbons, District Attorney General; and Stephen P. Jones, Assistant District Attorney General, for the appellee, State of Tennessee.

### OPINION

This case relates to a break-in at the Mars Hill Missionary Baptist Church in Memphis.  Reverend Charlie Jackson testified that about 3:00 a.m. on August 16, 2000, he was at home asleep when he received a telephone call from the church's security monitoring service.  Someone from the service told him that the church's alarm had gone off and that the police had been dispatched to the scene.  About ten minutes later, someone from the security service telephoned Reverend Jackson again and told him that the police needed him at the church.  When he arrived about twenty minutes later, he unlocked the door, and the officers sent a police dog into the church.  When the dog came out, Reverend Jackson went inside and turned on the lights.  He noticed that a window had been broken and that glass was on the floor.  According to Reverend Jackson, the window was thirty-

seven inches tall and eleven inches wide. Reverend Jackson looked around the church to see if anything was missing. Although there were other valuable items in the church, the only thing that had been taken was a white oscillating fan that sat on a desk in the pastor's study.

Reverend Jackson told the officers that the fan was missing. About five minutes later, the officers went outside and got the fan out of a patrol car. A man was sitting in the back of the car. Reverend Jackson testified that he did not know the defendant and that the defendant did not have permission to be in the church.

Officer Michael S. Huff of the Memphis Police Department testified that about 3:15 a.m. on October 16, he was dispatched to the Mars Hill Missionary Baptist Church. When he received the dispatch, he was about one and one-half miles from the church. As Officer Huff drove west on Shelby Drive, he passed a thin African-American male walking east and carrying a white fan. Although Officer Huff thought it was unusual for someone to be walking on the street at that time of day, he did not stop the man because he wanted to get to the church. When he arrived at the crime scene, he saw that a window had been broken out. Officer Huff secured the church and called Officer Mervin Jones on the police radio. He told Officer Jones that an African-American male was carrying a white fan and walking east on Shelby Drive and that Officer Jones needed to find and detain the man. Officer Jones arrested the defendant and brought him to the church.

Officer Huff testified that when Reverend Jackson arrived at the church, they went inside. Reverend Jackson looked around for a few minutes and told the officers that a white fan was missing. The officers went to the patrol car and got the fan that the defendant had been carrying. Reverend Jackson identified the fan as the one that had been taken from the church office. In Officer Huff's opinion, the defendant could have fit through the broken church window.

On cross-examination, Officer Huff testified that he was driving about sixty miles per hour when he passed the man on Shelby Drive. The church was on the north side of Shelby Drive, and the man was walking on the north side of the street. Officer Huff saw the man near a streetlight. Officer Huff did not see any distinguishing marks, such as a name, on the fan.

Officer Mervin Jones of the Memphis Police Department testified that about 3:00 a.m. on October 16, he was dispatched to the Mars Hill Missionary Baptist Church. As he was driving west toward the church, he passed the defendant, who was walking east and carrying a white fan. As Officer Jones approached the church, Officer Huff radioed and told him that a man was walking down the street carrying a fan. Officer Jones went back to find the defendant. However, the defendant was no longer walking on Shelby Drive. Officer Jones turned onto Ford Street and saw the defendant. He stopped the defendant, put the defendant into the back of his patrol car, and drove to the church.

According to Officer Jones, when he arrived at the church, he left the defendant in the car and went into the church with Officer Huff and Reverend Jackson. Officer Jones did not tell Reverend Jackson that he had arrested the defendant. Reverend Jackson looked around the church

and told the officers that a white fan was missing.  Officer Jones and Reverend Jackson went out to the patrol car and Officer Jones showed him the fan.  Reverend Jackson identified the fan as the one that was missing from the church.  Officer Jones thought he remembered identifying marks, such as someone's initials, being on the fan.  He believed that the defendant could have fit through the church window.

On cross-examination, Officer Jones testified that when he first saw the defendant, the defendant was about thirty yards from the church.  The defendant was not running and did not run when Officer Jones stopped him on Ford Street.  The defendant was cooperative when Officer Jones put him in the patrol car.

Officer Alvin Peppers, a crime scene technician for the Memphis Police Department, testified that on October 16, he was dispatched to the Mars Hill Missionary Baptist Church.  When he arrived, he saw that a window on the east side of the church had been broken out.  Officer Peppers did not collect any evidence and was unable to lift any fingerprints from the crime scene.  He did not recall seeing any blood or torn clothing near the window or any objects that could have been used to break it.  The defendant did not put on any proof, and the jury found him guilty of burglary.

First, the defendant contends that the evidence is insufficient to support his conviction.  Specifically, he claims that the state presented no evidence that he had been inside the church.  The state claims that the evidence is sufficient.  We agree with the state.

Our standard of review when the defendant questions the sufficiency of the evidence on appeal is "whether, after viewing the evidence in the light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt."  Jackson v. Virginia, 443 U.S. 307, 319, 99 S. Ct. 2781, 2789 (1979).  We do not reweigh the evidence but presume that the jury has resolved all conflicts in the testimony and drawn all reasonable inferences from the evidence in favor of the state.  See State v. Sheffield, 676 S.W.2d 542, 547 (Tenn. 1984); State v. Cabbage, 571 S.W.2d 832, 835 (Tenn. 1978).  Questions about witness credibility were resolved by the jury.  See State v. Bland, 958 S.W.2d 651, 659 (Tenn. 1997).

Circumstantial evidence alone may be sufficient to support a conviction.  State v. Richmond, 7 S.W.3d 90, 91 (Tenn. Crim. App. 1999); State v. Buttrey, 756 S.W.2d 718, 721 (Tenn. Crim. App. 1988).

> The law is firmly established in this State that to warrant a criminal conviction upon circumstantial evidence alone, the evidence must be not only consistent with the guilt of the accused but it must also be inconsistent with his innocence and must exclude every other reasonable theory or hypothesis except that of guilt, and it must establish such a certainty of guilt of the accused as to convince the mind beyond a reasonable doubt that he is the one who committed the crime.

Pruitt v. State, 3 Tenn. Crim. App. 256, 267, 460 S.W.2d 385, 390 (1970).  While following these guidelines, we must note that the jury decides the weight to be given to circumstantial evidence and that the "'inferences to be drawn from such evidence, and the extent to which the circumstances are consistent with guilt and inconsistent with innocence, are questions primarily for the jury.'" Marable v. State, 203 Tenn. 440, 452, 313 S.W.2d 451, 457 (1958) (quoting 2 Wharton's Criminal Evidence 1611).

As charged in the indictment, a burglary is committed when a person enters a building without the consent of the owner with the intent to commit a theft.  Tenn. Code Ann. § 39-14-402(a)(1).  A person commits theft "if, with the intent to deprive the owner of property, the person knowingly obtains or exercises control over the property without the owner's effective consent."  Tenn. Code Ann. § 39-14-103.

Viewed in the light most favorable to the state, the evidence shows that the defendant burglarized the Mars Hill Missionary Baptist Church.  Officer Jones testified that he was dispatched to the scene of a break-in at the church about 3:00 a.m. on August 16.  As he was driving toward the church, he passed the defendant, who was about thirty yards from the church and carrying a white fan.  Officer Jones later arrested the defendant and took him to the church.  When Reverend Jackson told Officer Jones that a white fan was missing from the church office, Officer Jones showed Reverend Jackson the fan that the defendant had been carrying.  Reverend Jackson identified the fan as the one that had been taken.  Although there was no direct evidence that the defendant entered the church, we believe that a rational jury could conclude beyond a reasonable doubt that the defendant broke the church window and entered the church with the intent to take the church's property.  The evidence is sufficient to support the conviction.

The defendant also claims that theft is a lesser included offense of burglary under part (a) of the test set out in State v. Burns, 6 S.W.3d 453, 466-67 (Tenn. 1999), and that the trial court committed plain error by failing to instruct the jury on that offense.  The state contends that while theft may be a lesser included offense of burglary, the trial court did not err because it instructed the jury on theft.  Moreover, the state claims that even if the trial court erred by failing to instruct the jury specifically on the misdemeanor offense of theft of property less than five hundred dollars, the error was harmless under State v. Williams, 977 S.W.2d 101 (Tenn. 1998), because the jury chose to convict the defendant of the greater offense of burglary.  We conclude that the defendant is not entitled to relief because theft is not a lesser included offense of burglary.

In criminal cases, the trial court has the duty to charge the jury on all of the law that applies to the facts of the case.  See State v. Harris, 839 S.W.2d 54, 73 (Tenn. 1992).  Anything short of a complete charge denies the defendant his constitutional right to a trial by jury.  See State v. McAfee, 737 S.W.2d 304, 308 (Tenn. Crim. App. 1987).  Our supreme court has held that an offense is a lesser included offense if:

> (a) all of its statutory elements are included within the statutory elements of the offense charged; or

(b) it fails to meet the definition in part (a) only in the respect that it contains a statutory element or elements establishing

> (1) a different mental state indicating a lesser kind of culpability; and/or
>
> (2) a less serious harm or risk of harm to the same person, property or public interest; or

(c) it consists of

> (1) facilitation of the offense charged or of an offense that otherwise meets the definition of lesser-included offense in part (a) or (b); or
>
> (2) an attempt to commit the offense charged or an offense that otherwise meets the definition of lesser-included offense in part (a) or (b); or
>
> (3) solicitation to commit the offense charged or an offense that otherwise meets the definition of lesser-included offense in part (a) or (b).

Burns, 6 S.W.3d at 466-67. If an offense is a lesser included offense, then the trial court must conduct the following two-step analysis in order to determine whether the lesser included offense instruction should be given:

> First, the trial court must determine whether any evidence exists that reasonable minds could accept as to the lesser-included offense. In making this determination, the trial court must view the evidence liberally in the light most favorable to the existence of the lesser-included offense without making any judgments on the credibility of such evidence. Second, the trial court must determine if the evidence, viewed in this light, is legally sufficient to support a conviction for the lesser-included offense.

Id. at 469. "As a general rule, evidence sufficient to warrant an instruction on the greater offense also will support an instruction on a lesser offense under part (a) of the Burns test." State v. Allen, 69 S.W.3d 181, 188 (Tenn. 2002).

Initially, we note that although the defendant failed to include the transcript of the jury charge with the record on appeal, the trial court's written instructions are part of the record. As the state points out in its brief, the instructions show that the trial court instructed the jury on theft. However,

we believe that the instructions reflect that the trial court instructed the jury on theft as it relates to the intent to commit the theft element of burglary, not as a lesser included offense of burglary. Therefore, the state's contention that the trial court instructed the jury as to the lesser included offense of theft is incorrect.

In any event, our supreme court has held that theft is not a lesser included offense of burglary. See State v. Davis, 613 S.W.2d 218, 221 (Tenn. 1981); see also State v. Roberts, 943 S.W.2d 403, 407 (Tenn. Crim. App. 1996), overruled on other grounds by State v. Ralph, 6 S.W.3d 251 (Tenn. 1999). Although these cases were decided before Burns, we glean nothing from the Burns test that would cause us to determine that theft is a lesser included offense of burglary. We conclude that the defendant was not entitled to a jury instruction on theft and, therefore, that the trial court did not commit plain error by failing to instruct the jury on that offense. See T.R.A.P. 52(b).

Based upon the foregoing and the record as a whole, we affirm the judgment of the trial court.

_____
JOSEPH M. TIPTON, JUDGE