# IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE

## AT KNOXVILLE

## NOVEMBER 1996 SESSION



**FILED**

**July 16, 1997**

**Cecil Crowson, Jr.**
**Appellate Court Clerk**

| | |
|---|---|
| **STATE OF TENNESSEE,** | ) |
| | ) C.C.A. No. 03C01-9606-CC-00239 |
| Appellee, | ) |
| | ) Loudon County |
| V. | ) |
| | ) Honorable E. Eugene Eblen, Judge |
| | ) |
| **RODNEY PERNELL HAWKINS,** | ) (Rule 37 Appeal - Felonious Possession |
| | ) of Cocaine) |
| Appellant. | ) |

FOR THE APPELLANT:

Mary Katherine Longworth
Attorney at Law
Suite One, 410 Wharf Street
P.O. Box 501
Loudon, TN 37774

FOR THE APPELLEE:

Charles W. Burson
Attorney General & Reporter

Robin L. Harris
Assistant Attorney General
Criminal Justice Division
450 James Robertson Parkway
Nashville, TN 37243-0493

Charles Hawk
District Attorney General

Frank A. Harvey
Asst. Dist. Attorney General
P.O. Box 703
Kingston, TN 37763-0703

OPINION FILED: _____

**AFFIRMED**

**PAUL G. SUMMERS,**
Judge

**O P I N I O N**

The appellant, Rodney Pernell Hawkins, was indicted on one count of possession of cocaine with intent to sell, one count of possession of cocaine with intent to deliver, and one count of possession of an open container of alcohol in a motor vehicle. The appellant made a motion to suppress the package of cocaine seized from his vehicle and his statements given to the police. Following a hearing, the trial court denied the appellant's motion to suppress finding that the search and seizure was conducted as a result of the plain view sighting of the contraband. The appellant pled guilty to the charge of possession of cocaine with intent to sell, reserving the right under Tenn. R. Crim. P. 37(b)(2)(I) to appeal a certified question of law, dispositive of his case. The two remaining counts against the appellant were dismissed. In essence, the appellant asks this Court to determine whether the search and seizure of contraband from his vehicle was unconstitutional. We find the actions constitutional and affirm the judgment of the trial court.

FACTS

On September 20, 1994, at approximately 11:00 p.m., Officer Hamilton, a Loudon County deputy sheriff, observed the appellant awkwardly parked on a neighborhood road in Lenoir City, Tennessee. The appellant was having a conversation with a female companion who was standing outside of his vehicle. The female was drinking a beer. This caught the officer's attention. He pulled up behind the appellant's vehicle. He got out and walked up to the female. As the officer did this, he noticed an open beer sitting between appellant's legs. He also observed a white powdery substance near the vehicle's console and a plastic bag hanging from the console.

The officer asked the appellant to step out of the vehicle. He administered a number of sobriety tests. The appellant passed these tests.

-2-

The officer then asked the appellant whether the plastic bag belonged to him. The appellant responded affirmatively. The officer then searched the vehicle removing the plastic bag from the console containing 10.4 grams of cocaine. He then placed the appellant under arrest.

The findings of fact and conclusions of law made by the trial court after an evidentiary hearing are afforded the weight of a jury verdict. State v. Dick, 872 S.W.2d 938, 943 (Tenn. Crim. App. 1993). This Court will not set aside the judgment of the trial court unless the evidence contained in the record preponderates against its findings. Id.

The appellant makes several arguments related to Officer Hamilton's search of his vehicle. First, he argues that he was parked on private property and the police had no legitimate reason to approach his vehicle.[1] Second, he argues that the warrantless search of the vehicle does not fall within any recognized exception to the warrant requirement and was, therefore, unconstitutional.

The state argues that the warrantless search and seizure of the appellant's property was justified under the plain view doctrine. The plain view doctrine requires proof that: (1) the objects seized were in plain view; (2) the viewer had a right to be in position for the view; (3) the seized object was discovered inadvertently; and (4) the incriminating nature of the object was immediately apparent. State v. Horner, 605 S.W.2d 835, 836 (Tenn. Crim. App. 1980); Coolidge v. New Hampshire, 403 U.S. 443, 91 S.Ct. 2022, 29 L.Ed.2d 564 (1971).

---

[1]During oral argument the appellant relied heavily on the fact that he was parked upon a private road. He, therefore, argued that he had a greater expectation of privacy. We find this argument misguided. The 4th Amendment protects people not places. The record reveals that the property the appellant parked on was not his property. A person should have no greater expectation of privacy on another's property than he or she would on a public road.

Officer Hamilton testified as he approached the vehicle he noticed a beer between the appellant's legs. He also testified that he noticed a white powdery substance, which he believed to be contraband, and a plastic bag in the vehicle.[2] This Court finds that these facts establish 3 of the 4 requirements mandated by Horner to allow a warrantless seizure under the plain view doctrine. The pivotal question that must be resolved by this Court is whether the officer had a right to be in a position to view the seized contraband. Therefore, whether or not the search and the subsequent seizure were valid depends on whether the initial approach of the vehicle was constitutionally permissible.

The standards for reviewing police conduct become more stringent as the degree of invasion of the citizen's privacy increases. Robertson v. State, 596 A.2d 1345, 1350 (Del. 1991). For the purpose of determining which standard is appropriate, many courts now recognize a three-tier analytical mode first formulated by the United States Court of Appeals for the Fifth Circuit in United States v. Berry, 670 F.2d 583, 591 (5th Cir. 1982). The first tier of police-citizen encounters includes full scale arrests that must be supported by probable cause. Id. The second includes brief investigatory stops that must be supported by a reasonable suspicion. Terry v. Ohio, 392 U.S. 1, 21, 88 S.Ct. 1868, 20 L.Ed. 889 (1968); State v. Coleman, 791 S.W.2d 504, 505 (Tenn. Crim. App. 1989). The third tier includes community caretaking or public safety functions that involve no coercion or detention. Berry, 670 F.2d at 591. With regard to the community caretaking function, it is now generally held that the police may engage a citizen and ask questions as long as the citizen is willing to carry on the conversation. State v. Butler, 795 S.W.2d 680, 685 (Tenn. Crim. App. 1990). Since these encounters are consensual, they do not require pre-existing probable cause or even reasonable suspicion. Id. These principles have been

---

[2]The appellant argues that without the aid of a flashlight Officer Hamilton would not have been able to observe a white powdery substance on his console. This argument is misguided. The fact that the contents of a vehicle may not have been visible without the use of artificial illumination does not preclude such observation from application of the plain view doctrine. United States v. Johnson, 506 F.2d 674 (8th Cir. 1974). The plain view doctrine does not disappear when the sun goes down.

applied to police encounters with persons sitting in parked vehicles. 3 Wayne R. LaFave, Search and Seizure § 9.2(h) at 415 (2d ed. 1987). Furthermore, the propriety of the police conduct depends on the totality of the circumstances existing at the time of the encounter. United States v. Cortez, 449 U.S. 411, 417, 101 S.Ct. 690, 695, 66 L.Ed. 621 (1981). Therefore, the officer's conduct in this case must be considered in light of the time and place of the encounter and the conduct of the parties involved.

This encounter began when the officer saw a female drinking beer next to a vehicle parked awkwardly in the middle of a road. Given the lateness of the hour, the nature of the location, and the placement of the car, the officer could have reasonably concluded that he should investigate the situation further. This encounter could be classified as a community caretaking or public saftey function which would not even require a showing of reasonable suspicion. However, based upon the totality of the circumstances, we find that Officer Hamilton possessed reasonable suspicion and was entirely justified in approaching the appellant's vehicle.[3]

Once lawfully in a position to see the open container and the white powdery substance, Officer Hamilton came within the purview of the plain view doctrine. Accordingly, we conclude that the evidence does not preponderate against the findings of the trial court. The judgment overruling the appellant's motion to suppress is affirmed.

_____
PAUL G. SUMMERS, Judge

CONCUR:

_____

[3]Officer Hamilton testified that the female drinking beer caught his attention. He could have rationally, and reasonably, concluded that the female might be intoxicated. Moreover, he could have reasonably concluded that the appellant might be intoxicated and preparing to drive his vehicle under the influence of an intoxicant.

_____
JOSEPH M. TIPTON, Judge


_____
JOHN K. BYERS, Senior Judge